IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DIANA MEYRI CALZADILLA COSELLA, | § § § § § § § § § § § | |
| Petitioner, | | |
| | | No. 5:26-CV-00567-DAE |
| v. | | |
| VERGARA, et al., | | |
| Respondents. | | |

ORDER

Before the Court is Petitioner Diana Meyri Calzadilla Cosella's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"). (Dkt. # 1.) The Court finds this matter suitable for disposition without a hearing. After careful consideration of the parties' briefings and relevant law, and for the reasons described below, the Court **DENIES** the Petition, (Dkt. # 1). See 28 U.S.C. § 2243. Petitioner is afforded 30 days to file an amended petition.

LEGAL STANDARD

"A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." Buenrostro-Mendez v. Bondi, No. CV H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (internal citation and quotations omitted); 28 U.S.C. § 2241. The habeas petitioner "bears the burden of proving that he is being held contrary to law; and

1

because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." Villanueva v. Tate, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (internal citation and quotations omitted). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" Id. (quoting 28 U.S.C. § 2243).

> Under 28 U.S.C. § 2243, a court:
>
> entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The statute also directs that the person to whom the writ is directed shall return the writ "within three days unless for good cause additional time, not exceed twenty days, is allowed." 28 U.S.C. § 2243.

## DISCUSSION

Petitioner is a native and citizen of Cuba who is currently being detained at Karnes County Immigration Processing Center. (Dkt. # 1 at 2.) In her habeas petition, Petitioner challenges her prolonged detention. (Id.) Specifically, Petitioner contends that her detention is unlawful under Zadvydas v. Davis, 533 U.S. 678, 690 (2001) because she is subject to a final order of removal and her removal is not reasonably foreseeable. (Id. at 4–8.) Accordingly, Petitioner argues, her prolonged detention violates her Fifth Amendment substantive due

process rights and violates 8 U.S.C. § 1231(a).  (Id. at 7–8.)  These two claims are her only asserted bases for relief.  (Id.)

In this case, the undisputed evidence is that Petitioner is not subject to a final order of removal.  (See Dkts. ## 7 at 2 (stating that Petitioner has appealed her order of removal); 7-1 (filing receipt of Petitioner's appeal)); see 8 C.F.R. § 1241.1(a) (providing that an order only becomes final upon dismissal of an appeal).[1]  Therefore, Petitioner is not subject to detention under 8 U.S.C. § 1231.  Demore v. Kim, 538 U.S. 510, 527 (2003) ("8 U.S.C. § 1231 . . . governs detention following a *final* order of removal." (emphasis added)); Zadvydas, 533 U.S. at 683; Cabrera-Hernandez v. Bondi, No. 5:25-CV-197, 2025 WL 3684694, at *1, n. 2 (S.D. Tex. Dec. 2, 2025) ("Although Petitioner has been ordered removed, he is not subject to detention under 8 U.S.C. § 1231 because his removal order is not yet final.").

Because Petitioner's only asserted bases for relief depend entirely upon the presumption that she is being detained pursuant to 8 U.S.C. § 1231—which she is not—it appears to the Court that Petitioner is not entitled to a writ of habeas corpus, at least upon the specific grounds and arguments she has asserted.[2]

---

[1] Despite the time for a reply brief elapsing, Petitioner has not submitted a reply, nor has Petitioner provided any evidence suggesting that her appeal has been adjudicated or dismissed.

[2] With respect to her second cause of action, Petitioner's detention cannot violate 8 U.S.C. § 1231 when she is not being held under that provision.  With respect to her

3

See Villanueva, 2025 WL 2774610, at *4.  Accordingly, the Court **DENIES** the Petition for Writ of Habeas Corpus, (Dkt. # 1).  However, the Court will allow Petitioner to amend her petition to allege alternative grounds for relief should she wish to do so.

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus, (Dkt. # 1), is **DENIED WITHOUT PREJUDICE** to refiling.  Petitioner is granted 30 days to file an amended petition.

**IT IS SO ORDERED**.

**DATED**: San Antonio, Texas, February 26, 2026.

_____
David Alan Ezra
Senior United States District Judge

---

first cause of action, the claim Petitioner brings discusses a substantive due process violation *only* in the context of a final order of removal and detention under 8 U.S.C. § 1231.  (See Dkt. # 1 at 7–8.)  While the Court does not intend to suggest that a substantive due process claim is unavailable to Petitioner in her specific circumstances, i.e., where she is not subject to a final order of removal but is instead detained during the pendency of her removal proceedings, Petitioner has not adequately presented such a claim here.  The Court expresses no view as to whether that theory—or any alternative theories—would ultimately succeed if properly raised.

4